FILED
COURT OF APPEALS
DIVISION II

2013 JUN -4 AM 8: 57

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PETER CHARLES SEIDEL, a single man, | No. 43035-5-II |
| Respondent/Cross-Appellant, | |
| v. | |
| CAROLINE HARDING, a single woman, and the CAROLINE HARDING LIVING TRUST, | UNPUBLISHED OPINION |
| Appellant/Cross-Respondent. | |

WORSWICK, C.J. — Caroline Harding appeals from an award to Peter Seidel on his unjust enrichment claim, arguing that the trial court erred in awarding him prejudgment interest. Seidel cross-appeals, arguing that the trial court erred in calculating the prejudgment interest amount. Because the trial court exercised its discretion in calculating the damages Harding owed, the trial court erred in awarding Seidel prejudgment interest. We reverse the award of prejudgment interest and remand.

## FACTS

Harding and Seidel lived together from 2001 to 2007. During this relationship, Harding acquired several pieces of property, which Seidel improved. After the relationship ended, Seidel successfully sued Harding under a promissory note for his out-of-pocket expenses related to these properties. In a separate lawsuit, and now the subject of this appeal, Seidel sued Harding

for unjust enrichment. The trial court found for Seidel with regard to one property referred to as the Bay Center property because Harding and Seidel intended to retire there. The trial court found that Seidel's labor contributions exceeded Harding's, that Seidel's contributions substantially increased the property's value, and that Harding received a windfall because the parties separated and Seidel would never enjoy the rewards of his labor.

In assessing damages, the trial court found that both parties overestimated their own contributions. Seidel asked to be compensated at $55 to $60 per hour for 3,000 hours.[1] The trial court allowed $35 per hour for 1,500 hours, totaling $52,500. In its written decision, the trial court explained why it would not accept either party's calculation method:

> Plaintiff's request for either $55.00 or $60.00 per hour is unsubstantiated. Plaintiff was never expecting to charge Defendant for any of his time, let alone a highly-skilled, full-time professional contractor/builder. The Court also finds that Plaintiff's request to be compensated for 3000 hours of labor is unreasonable and unsupported by the evidence and certainly not proven by a preponderance of the evidence. In this point as to hours of labor, the Court finds Plaintiff's testimony unreliable and unsubstantiated. Plaintiff also failed to keep a billing record or time slip to substantiate such a large, hourly figure, probably because he was not in conflict with Defendant but in love with her and vice versa. As best, Plaintiff guessed at this number. On the other hand, Defendant's testimony is unreliable as to her valuing Plaintiff's contribution. In a nutshell summary, the Court found both Parties' testimonies in this issue unreliable. Therefore, the Court is left to best estimate a fair compensation to Plaintiff.

Clerk's Papers (CP) at 77.

The trial court also found that Seidel was entitled to prejudgment interest from August 10, 2007, to the date of judgment of January 3, 2012, calculating that amount at $22,600.

---

[1] Seidel also asked the trial court to calculate his damages at 2.75 times his costs but the trial court found that this was unrealistic in this situation.

Harding appeals the award of prejudgment interest. Seidel cross-appeals, challenging the trial court's prejudgment interest calculation.

ANALYSIS

I. PREJUDGMENT INTEREST

Harding claims that the trial court erred in awarding prejudgment interest because the amount of damages was not liquidated and involved discretionary decisions. She argues that the trial court had to exercise its discretion because (1) no contractual relationship existed and thus it had to determine if she was unjustly enriched, (2) it had to decide what hourly compensation rate was reasonable, and (3) it had to decide how many hours of compensation were reasonable. We agree.

We review a trial court's decision to award prejudgment interest for an abuse of discretion. *Scoccolo Constr., Inc. v. City of Renton*, 158 Wn.2d 506, 519, 145 P.3d 371 (2006). To meet this standard, the challenging party must demonstrate that the trial court's decision is manifestly unreasonable, based on untenable grounds, or granted for untenable reasons. *In re Marriage of Schumacher*, 100 Wn. App. 208, 211, 997 P.2d 399 (2000).

A trial court may award prejudgment interest when the plaintiff's claim is liquidated. *Safeco Ins. Co. v. Woodley*, 150 Wn.2d 765, 773, 82 P.3d 660 (2004). A claim is liquidated "where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968). A claim is unliquidated "'where the exact amount of the sum to be allowed cannot be definitively fixed from the facts proved, disputed or undisputed, but

must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed.'" *Hansen v. Rothaus*, 107 Wn.2d 468, 473, 730 P.2d 662 (1986) (quoting *Prier*, 74 Wn.2d at 33).

As we noted above, Seidel's requested damages were for $55 to $60 per hour for 3000 hours of labor. Alternatively, he requested 2.75 times his costs. In its written decision, the trial court found Seidel's calculations "unreasonable and unsupported by the evidence." CP at 77. It found his testimony "unreliable and unsubstantiated." CP at 77. It found that Seidel "guessed" in making his estimate. And it concluded that it would have to make its "best estimate." CP at 77. Clearly, this was not a sum that could be "definitively fixed from the facts proved." *Prier*, 74 Wn.2d at 33.

Despite Seidel's claim otherwise, this is not a case such as *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 153 P.3d 846 (2007), or *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 47, 169 P.3d 473 (2007), where the damages were liquidated because the trial court simply multiplied the number of overtime hours worked by the appropriate wage. Unlike in these cases, here, in assessing damages, the trial court had to decide on a reasonable number of hours worked and a reasonable hourly rate under the circumstances. Seidel's damages were not liquidated. *See State Dep't of Corr. v. Fluor Daniel, Inc.*, 160 Wn.2d 786, 161 P.3d 372 (2007) (arbitration award akin to a jury verdict and not liquidated damages); *Hansen v. Rothaus*, 107 Wn.2d at 473 (seaman's claim depended on its reasonableness and therefore was not liquidated); *Kiewit-Grice v. State*, 77 Wn. App. 867, 895 P.2d 6 (1995); (reasonableness of claimed expenses was a jury question and therefore claim was unliquidated); *Ski Acres Development Co. v. Douglas G.*

*Gorman, Inc.*, 8 Wn. App. 775, 508 P.2d 1381 (1973) (reasonableness of repairs was a jury question and therefore no prejudgment interest was appropriate).[2]

Here, there were no fixed objective criteria for determining the amount of damages. The trial court exercised its discretion in assessing the parties' credibility, it had to calculate damages by making a "fair estimate," and it discounted Seidel's hourly rate because of the factual circumstance that he never expected compensation at the time he provided his labor. The trial court had no tenable basis for awarding prejudgment interest and, thus, it abused its discretion. We remand for the trial court to amend the judgment.

## II. PREJUDGMENT INTEREST CALCULATION

In his cross-appeal, Seidel asks this court to remand this matter so the trial court could amend the judgment to reflect a correct calculation. But in light of our holding that Seidel is not entitled to prejudgment interest, we need not address this issue.

## III. COSTS ON APPEAL

Both parties request their costs under RAP 14.2. As Harding is the prevailing party, we grant her request. Seidel's request is denied.

---

[2] Seidel also argues that because Harding did not assign error to findings of fact 17 and 18, we must treat them as verities. *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999). But we fail to see this claim's relevance. These findings are that a reasonable hourly rate is $35, not $55 or $60, and that 1,500 hours is compensable. As we noted above, the trial court exercised its discretion in arriving at these figures. Harding does not explain or provide authority for treating these findings as controlling our analysis.

No. 43035-5-II

We reverse and remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Johanson, J.

McCarthy, J.

6